UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED SATES OF AMERICA : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | WMN 02 CV 754 |
| : | |
| JOHN RACHEL, et al. : | |
| : | |
| Defendants. : | |

**DEFENDANTS JOHN RACHEL AND PRISCILLA RACHEL'S MOTION FOR HEARING AND TO QUASH *EX PARTE* PREJUDGMENT ATTACHMENT**

Defendants John Rachel and Priscilla Rachel move this Court for a hearing and for an order quashing the Prejudgment Writ of Attachment previously entered against them *ex parte* and, as support, state as follows:

1. On July 10, 2003, this Court entered partial summary judgment as to liability against the Defendants under the False Claims Act, 31 U.S.C.§ 3729.

2. On November 3, 2003, the United States of America filed an Ex Parte Verified Application for a Prejudgment Writ of Attachment against the Defendants under the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §s 3101 & 3102. The Writ sought to attach certain real property, specifically a farm owned by defendants John and Priscilla Rachel in Nokesville, VA. The Rachels live on this farm, and have lived there for many years.

3. The Prejudgment Writ of Attachment was thereafter entered by this Court. That Attachment should be quashed because the amount of the debt is unliquidated and unascertainable by calculation, and the Attachment itself is unreasonable. *See* 28 U.S.C. § 3102(g)(2) & (3). Moreover, the Government had alternative remedies to protect its interests

1

other than a prejudgment attachment.  *See* 28 U.S.C. § 3101(d).

4.  The Application set forth a single ground for the relief sought by the United States, namely 28 U.S.C. § 3101(b)(1)(C), which states that the United States has "reasonable cause to believe" that the Defendants have or are "...about to convert the debtor's property into money, securities or evidence of debt in a manner prejudicial to the United States with the effect of hindering, delaying, or defrauding the United States."

5.  The Affidavit accompanying the Application recited two grounds, 28 U.S.C. § 3101(b)(1)(B) and (C).  Subsection (B) requires a showing that the Defendants have or are "...about to assign, dispose, remove, conceal, ill treat, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States."  Subsection (B) was not referenced in the Application.

6.  The Government sought the Writ after Defendants had placed their farm for sale with a real estate agent.

7.  The Government argues the monies ultimately owed by the Defendants' in this case may be substantial, claiming the liability to be "a single damages amount of at least $539,736.  Together with statutory multiples permitted under the False Claims Act (treble damages), civil penalties, interest and costs, the total damages award could well exceed two million dollars."  *See* Declaration of Senior Special Agent William Harry Armstrong, Ex Parte Verified Application for Prejudgment Writ of Attachment, Exhibit 1, Declaration of Senior Special Agent William Harry Armstrong ("Armstrong Affidavit"), p. 5, ¶ 9.

8.  Liability has not yet been determined by the Court, and it is surmise and conjecture to conclude how much, if any, money is owed as a result of the order of partial summary judgment.

9. However, even if a large sum of money is determined to be due and owing, the Government has not provided a logical nexus between the Defendants' sale of their residence and the repaying of those monies.

10. Both 28 U.S.C. § 3101(b)(1)(B) and (C) require some affirmative action on the part of the Defendants to hinder, delay or defraud the United States.

11. There is no evidence in the Application or in the Affidavit of any action, plan, scheme or devise on the part of the Defendants through the sale of their farm to "assign, dispose, remove, conceal, ill treat, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States." The Government apparently agrees with this analysis as it chose to omit reference to § (B) in its Application for the Writ.

12. There is no evidence in the Application or in the Affidavit of any action, plan, scheme or devise on the part of the Defendants through the sale of their farm to convert any monies acquired through the sale of their property "in a manner prejudicial to the United States with the effect of hindering, delaying, or defrauding the United States." *See* 28 U.S.C. § 3101(C) (referenced in Affidavit and Application).

13. The Government's justification for its request appears to be based primarily on a claim in its Affidavit that Defendant John Rachel has acknowledged owing back taxes of nearly $1 million while the Government's review of a computer database shows the outstanding liens to total only around $200,000.00. *See* p. 6, ¶ 14 of Affidavit.

14. This evidence hardly constitutes a deliberate and ongoing effort to hinder, delay or defraud the United States, particularly since the Defendant's statements were made *long before* entry of the summary judgment order (four years before), and moreover indicate a belief that

3

*more* taxes are due than may in fact be due. Furthermore, the tax liens at issue have been offset recently by two events. First, defendants submitted an amended tax filing showing a bad debt writeoff of several hundred thousand dollars which apparently reduced prior taxes due, and second, certain tax liens recently expired as do all tax liens in place for ten years unless they have been renewed. In other words, the statement made about taxes was true when made, so that the crux of the Government's entire argument is fallacious.

15. The Government further opines that the Rachels "will place the proceeds of this sale into a family trust, transfer property or funds to their children, or otherwise attempt to hide the sale proceeds." *See* p. 8, ¶ 21 of Affidavit.

16. There is absolutely no evidence to support this surmise or conjecture about the Rachel's plans to give their money to their children or a trust. Indeed, under the Government's theory, the Rachel's would be left homeless and penniless, a course of conduct which could not be rationally thought for anyone. And, if such event occurred, the Government could pursue the money through an action for fraudulent conveyance.

17. The issuance of a Prejudgment Writ unfairly and wrongfully prevents the Defendants from making appropriate arrangements to provide themselves with suitable housing. The property attached by the Court is a large farm area (47.1 acres) and the defendants can no longer care for the property. John Rachel is 67 years old, retired, and has a bad heart. Priscilla Rachel is in her mid-50s, and needs to retire because of her health. The parties intend to reinvest any sales proceeds into a smaller property for which they can care. Any amounts not invested will be maintained in the defendants' names in their bank or investment accounts.

18. By attaching the real estate, the Court not only has accepted the Government's

illogical surmise and conjecture, it has made it impossible for Defendants to post an appeal bond as Defendants have no other substantial property with which to secure such a bond.

19. As the foregoing makes clear, the Attachment should be quashed because the amount of the debt is unliquidated and unascertainable by calculation, and the Attachment itself is unreasonable. *See* 28 U.S.C. § 3102(g)(2) & (3). Furthermore, if the Government believed that the Rachels were going to give the money away to their children, the Government could have brought a fraudulent conveyance action. Thus, the Government had alternative remedies to protect its interests other than a prejudgment attachment. *See* 28 U.S.C. § 3101(d).

20. There simply is no basis for the attachment, and it should be quashed.

WHEREFORE, the Defendants, through Counsel, respectfully move this Honorable Court to Schedule a prompt Hearing and to quash the Prejudgment Writ issued in this matter.

Dated: December 23, 2003

>                          Respectfully submitted,
>
>                          /s/ Edward Tolchin
>                          Edward J. Tolchin
>                          Fettmann, Tolchin & Majors, P.C.
>                          10509 Judicial Drive, Suite 300
>                          Fairfax, VA 22030
>                          703-385-9500
>                          703-385-9893 (facsimile)
>                          etolchin@ftm-pc.com
>                          Counsel for Defendants

### Certificate of Service

I hereby certify that on this 23rd day of December 2003, I filed a copy of this DEFENDANTS JOHN RACHEL AND PRISCILLA RACHEL'S MOTION FOR HEARING AND TO QUASH EX PARTE PREJUDGMENT ATTACHMENT electronically with the Court

and served a copy by the same means on all counsel of record.  Furthermore, a copy of the foregoing was sent via first class mail, postage prepaid to Ariana W. Arnold, AUSA, 6625 U.S. Courthouse, 101 W. Lombard Street, Baltimore, MD 21201.

                /s/ Edward Tolchin