UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED SATES OF AMERICA | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | WMN 02 CV 754 |
| | : | |
| JOHN RACHEL, et al. | : | |
| | : | |
|     Defendants. | : | |

**DEFENDANTS JOHN RACHEL AND PRISCILLA RACHEL'S REPLY IN SUPPORT OF MOTION FOR HEARING AND TO QUASH *EX PARTE* PREJUDGMENT ATTACHMENT**

Plaintiff United States has abandoned the contentions it made in its affidavit and application in support of its prejudgment attachment. We now do not find the Government justifying its *Ex Parte* Verified Application for Prejudgment Writ of Attachment on a claim that defendant John Rachel had falsely acknowledged owing back taxes of nearly $1 million while the Government's review of a computer database shows the outstanding liens to total only around $200,000.00. *See* p. 6, ¶ 14 of Affidavit of William Henry Armstrong (filed in support of *Ex Parte* Verified Application). We also no longer find the Government claiming that the Rachels "will place the proceeds of this sale into a family trust, transfer property or funds to their children, or otherwise attempt to hide the sale proceeds." *See* Armstrong Affidavit at p. 8, ¶ 21. Thus, the Government no longer believes that these factual contentions, which were false but which served as the basis for the Court's *ex parte* attachment, can constitute "reasonable cause," *see* 28 U.S.C. § 3101(b), to justify the prejudgment attachment.

Instead, we find that the Government now contends that (1) the defendants have been

1

found in the past to have engaged in improper government contract pricing, Government Opposition Memorandum at p. 4-5, and (2) the fact that "the proceeds from the sale [of the defendants' farm] *could* easily be hidden, and that such would indisputably have the *effect* of hindering the government's effort at collecting the debt, is sufficient" to meet the government's burden of proof.  Government Opposition Memorandum at p. 6 (emphasis in original).  The Government does not tell us in this most recent filing, by either affidavit or argument, where "the proceeds" "could" be "hidden," but since money always *possibly* can be hidden, the Government believes that fact alone is "reasonable cause" sufficient to justify a prejudgment attachment.

The Government's Opposition Memorandum does not identify which subpart of 28 U.S.C. § 3101(b) on which it now relies for "reasonable cause" but, by implication, we can assume the Government relies on a *combination* of §s (1) (B) and (C), which state that a prejudgment attachment may be granted if "the debtor . . . .   (B) "has or is about to assign, dispose, remove, conceal, ill treat, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States; [or] (C) has or is about to convert the debtor's property into money, securities, or evidence of debt in a manner prejudicial to the United States with the effect of hindering, delaying, or defrauding the United States . . . ."[1]  The argument seems to be that defendants want to "convert" their real estate into "money" (subpart "C") and then "conceal" the money (subpart "B") all with the intent of "hindering, delaying or defrauding" the Government (subparts "B" and "C").

The lack of logic in the Government's current argument is self-evident.  If defendants wanted to "hinder, delay or defraud" the Government as the Government believes, the

---

[1] The statute does not indicate that the subparts of § 3101(b) may be combined.

defendants could simply have assigned their real property to some relative or a trust to get it out of defendants' hands, without any public disclosure until after the fact. Defendants then would have taken the money they received through this non-public transaction and buried it in the ground or hidden it elsewhere.

Defendants did not do any of this "hindering, delaying, or defrauding." Instead, they publicly listed their 47.1 acre property with a realtor and received an unrelated third party fair market value offer for it. There can be no argument that defendant's determination to substitute one asset (real estate) for the equivalent value of another asset (money), could in and of itself possibly harm the government in any way, shape or form. Indeed, a transfer for equivalent value is *never* a fraudulent conveyance by definition. *See* 28 U.S.C. § 3304(a)(1)(A) (transfer is fraudulent only if *inter alia* "the debtor makes the transfer . . . . without receiving a reasonably equivalent value in exchange for the transfer . . . .").

So, the only argument that the Government has is that the defendants will take the money from the completely non-fraudulent sale of their farm and fraudulently "hide" it somewhere where the Government cannot find it. Money, of course, is more easily "hidden" than 47.1 acres of real estate, so the Government's argument is, essentially, that no defendant in any action brought by the United States can sell their real estate, *ever*. The scope of the Government's current argument, which is a retreat from its initial contentions to this Court, is truly breathtaking. Essentially, the Government is stating that Congress should have written a statute mandating that no defendant in a Government civil action may ever sell his or her real estate. That Congress did not choose to enact such a law is apparently immaterial to the Government.

We need not consider these issues here, however, because there is a ready solution to this

3

situation. 28 U.S.C. § 3101(d)(2)(D) provides that the Court, when considering whether to quash a prejudgment attachment, should consider "the inadequacy of alternative remedies (if any) to protect the interests of the United States." As the Government fears that the defendants will "hide" the money, it is obvious that the defendants can avoid this suspicion by simply reporting periodically to the Government what the defendants are doing with the money. For the Court's information, the largest portion of this money will likely be put into another house. The Government does not seem to claim any deleterious impact of taking money from a real estate sale and putting it into other real estate, and thus the Government is not contending that this would be harmful to the Government. The remainder of the money will sit in an account which will be used by defendants, if necessary, in the ordinary course of the defendants' lives, to pay, for example, for food. Defendants periodically, perhaps every six months, will report all expenditures to the Government, to assure that nothing is "concealed." The reports will include bank or brokerage statements, as applicable.

If the foregoing reporting process is instituted, there will be no possible "effect of hindering, delaying, or defrauding the United States . . . ." Given this fact, there would be no statutory grounds for a prejudgment attachment. *See* 28 U.S.C. § 3101(b)(1). Accordingly, defendants' motion to quash should be sustained subject to the foregoing reporting conditions.

## Conclusion

For the foregoing reasons, defendants' motion to quash should be granted, subject to a condition that they periodically report to the Government the defendants' expenditures of funds generated from the sale of their farm. Defendants should make these periodic reports every six months, and include with them documentation (such as bank or brokerage statements, checks,

4

and so forth) of their expenditures, if any, as appropriate.

Dated: February 9, 2004

                              Respectfully submitted,

                              /s/ Edward Tolchin
                              Edward J. Tolchin
                              Fettmann, Tolchin & Majors, P.C.
                              10509 Judicial Drive, Suite 300
                              Fairfax, VA 22030
                              703-385-9500
                              703-385-9893 (facsimile)
                              etolchin@ftm-pc.com
                              Counsel for Defendants

Certificate of Service

     I hereby certify that on this 9th day of February, 2004, I filed a copy of this DEFENDANTS JOHN RACHEL AND PRISCILLA RACHEL'S MOTION FOR HEARING AND TO QUASH EX PARTE PREJUDGMENT ATTACHMENT electronically with the Court and served a copy by the same means on all counsel of record.  Furthermore, a copy of the foregoing was sent via first class mail, postage prepaid to Ariana W. Arnold, AUSA, 6625 U.S. Courthouse, 101 W. Lombard Street, Baltimore, MD 21201.

                              /s/ Edward Tolchin