IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| Plaintiff, | : | |
| v. | : | Civil No. WMN-02-754 |
| **JOHN RACHEL, et. al**. | : | |
| Defendants | : | |

...oOo...

**MEMORANDUM IN SUPPORT OF MOTION TO BAR
REFERENCE TO TREBLE DAMAGES AND PENALTIES BEFORE THE JURY**

The United States of America, by and through undersigned counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Jamie M. Bennett and Michael A. DiPietro, Assistant United States Attorneys for said District, respectfully moves the Court, pursuant to Federal Rules of Evidence 402 and 403, to exclude from the trial of this case any reference to the fact that under the False Claims Act ("FCA"), 31 U.S.C. 3729 et. seq., the Court will treble damages awarded by the jury and will award civil penalties of $5,000 to $10,000 for each FCA violation found by the jury. This information also would confuse the issues, mislead the jury, waste time and be more prejudicial than probative.

**I.   ARGUMENT**

The overwhelming weight of authority shows that information about treble damages is properly excluded.  *See e.g. Semke v. Enid Auto. Dealers Ass'n*, 456 F.2d 1361, 1370 (10th Cir. 1972)(trial court erred by advising jury that its verdict under antitrust laws would be trebled); *see Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1308n.7 (7th Cir. 1987) (information about RICO's

trebling provision "is irrelevant to a jury's deliberations and may confuse or prejudice the jury."), *cert denied*, 492 U.S. 917 (1989); *Arnott v. American Oil Co.*, 609 F.2d 873, 889n.15 (8th Cir. 1979)("better practice is to omit from the jury instructions any reference to the trebling of damages . . .")(antitrust case).

Courts exclude references to the trebling of damages to avoid the risk that a jury may adjust the damage award downward because of the trebling. In *Semke*, the Tenth Circuit considered whether the trial court properly advised the jury that its award would be trebled. In finding error, the Tenth Circuit stated:

> The consequences of advising the jury of [the trebling of its award] can only be that the jury will adjust its award accordingly . . . . As we view it, therefore, it serves no useful function to communicate this information to the jury and it is potentially harmful, and hence this action of the trial court was error.

*Id*. at 1370. *See also HBE Leasing Corp. v. Frank*, 22 F.3d 41, 45 (2d Cir. 1993)('[r]eference to treble damages [under RICO] . . . is irrelevant to the jury questions of liability and damages and may tend to confuse or prejudice a jury into reducing its eventual award, thus frustrating Congress' goal of deterring improper conduct by assessing treble damages . . . "); *CVD, Inc. v. Ryetheon Co.*, 769 F.2d 842, 860 (1st Cir. 1985)("it is generally not advisable to inform a jury of the treble damages . . . of the antitrust laws because of the danger that a jury may reduce a plaintiff's award to account for trebling . . . "), *cert. denied*, 475 U.S. 1016 (1986).

Indeed, "[a] jury might take the revelation of the [antitrust] treble damage provision as an intimation from the Court to restrict the amount of damages." *Pollock & Rilely, Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1243 (5th Cir. 1974)("informing a jury would serve no useful function and its probable consequence would be harmful – an impermissible lowering of the amount of

damages."), *cert. denied sub nom., Gulf Oil Corp. v. W.H. Wood*, 420 U.S.. 992 (1975). "While we cannot know with certainty what effect such an instruction will have on a particular jury or even juries in general, it is clear that it is the duty of the judge, not the jury, to perform mandatory trebling. The jury only determines the amount of compensatory damages."

This reasoning applies with equal force to exclude reference to the penalty amount to be imposed by the Court upon a jury finding of a violation of the False Claims Act. As with treble damages, information about civil penalties might cause the jury to adjust actual damages downward to compensate for penalties. Permitting the risk of such adjustment would frustrate the Congressional intent to award penalties in addition to multiple damages. Indeed, it is the role of the Court, not the jury, to assess penalties. *See e.g. United States v. Fliegler*, 756 F. Supp. 688, 692-97 (E.D.N.Y. 1990)(imposing FCA penalties on summary judgment; noting it is within the court's discretion to award penalties); *Pollock & Riley Inc.*, 498 F.2d at 1243 ("it is not for the jury to determine the amount of judgment; its function is to compute the amount of damages.").

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court exclude from the trial and argument in this case all references to treble damages and to the amount of penalties imposed by the court in the event the jury finds that the defendants violated the False Claims Act.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


_____/s/_____
Jamie M. Bennett
Assistant United States Attorney
Trial Bar No. 08468
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201.