IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
IN OPEN COURT
JUL 19
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 99-150-A
)
)
JOHN J. RACHEL, )
)
Defendant. )

## PLEA AGREEMENT

Helen F. Fahey, United States Attorney for the Eastern District of Virginia, and Dabney Langhorne and John J. Klein, Assistant United States Attorneys, and the defendant, John J. Rachel, and the defendant's counsel, Alan H. Yamamoto, Esquire, pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

1. The defendant, John J. Rachel, agrees to plead guilty to Count Two of the pending indictment. Count Two charges the defendant with paying an unlawful kickback, in violation of Title 41, United States Code, Section 53. The maximum penalty for this offense is a maximum term of ten (10) years of imprisonment, a fine of $250,000, full restitution, a special assessment, and three (3) years of supervised release. The defendant is aware that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

EXHIBIT 018

197

2. Before sentencing in this case, the defendant agrees to pay a special assessment of fifty dollars ($50.00) per count of conviction.

3. The Court may, pursuant to Section 5E1.2(d)(7) of the <u>Sentencing Guidelines and Policy Statements</u>, in determining the amount of the fine, consider the imposition of the expected costs to the government for any imprisonment, term of supervised release and probation, if any is ordered. The defendant agrees: (a) that any monetary penalty that the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately; (b) to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office; (c) that the Financial Litigation Unit in the United States Attorney's Office may receive disclosure of all matters occurring before the grand jury in this and related cases; and (d) to make no attempt to avoid or delay paying any monetary penalty through any bankruptcy proceeding.

4. The defendant is aware that the defendant's sentence will be imposed in accordance with the Sentencing Guidelines and Policy Statements. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence

- 2 -

imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, except that the defendant does not waive his right to appeal a sentence which is the result of an upward departure to the Sentencing Guidelines. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

5. The United States will not further criminally prosecute defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts. Therefore, defendant does not have immunity for crimes of violence related to, but not specifically set out in, the indictment or statement of facts. After the Court's acceptance of this plea, the United States will move to dismiss the remaining counts of the indictment against this defendant. Except where specifically noted, this plea agreement binds only the United States Attorney's Office for the Eastern District of Virginia and the defendant; it does not bind any other prosecutor in any other jurisdiction.

6. The United States agrees that it will not recommend a sentence above the guideline range for offense level 13. If the Court determines that offense level 13 is the offense level which is applicable to this case, the United States agrees that it will recommend a sentence at the low end of the guideline range. If the Court determines that offense level 12 is the offense level which is applicable to this case, the United States agrees that it will recommend a sentence of twelve (12) months. If the Court determines that the offense level, prior to the acceptance of

- 3 -

199

responsibility reduction, is sixteen (16) or above, the United States agrees that the defendant should receive a three-level reduction for acceptance of responsibility. The United States agrees that an enhancement for aggravating role under Section 3B1.1 should not apply.

7. The defendant represents to the Court that defendant is satisfied that defendant's attorney has rendered effective assistance. Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

    a. If the defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the judge all agree.

    b. If a jury trial is conducted, the jury would be composed of twelve laypersons selected at random. The defendant and defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

    d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

    e. At a trial, the defendant could rely on a privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the refusal to testify. If the defendant desired to do so, the defendant could testify in the defendant's own behalf.

    8. The accompanying Statement of Facts signed by the defendant is hereby incorporated into this plea agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and that had the matter proceeded to trial, the United States would have proved those facts beyond a reasonable doubt.

    9. If the defendant fails in any way to fulfill completely all of the obligations under this plea agreement, the United States may seek release from any or all its obligations under this plea agreement.

    10. If the defendant fails to fulfill the obligations under this plea agreement, the defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other federal rule, that defendant's statements pursuant to this agreement or any leads derived therefrom, should be suppressed or are inadmissible.

201

11. Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the United States' decision whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the United States' sole discretion.

12. This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

13. Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

-6-

202

Date: July 19, 1999

John J. Rachel
Defendant

14. <u>Defense Counsel Signature</u>: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 7/19/99

Alan H. Yamamoto, Esquire
Counsel for Defendant

-7-

203

                    Respectfully submitted,

                    HELEN F. FAHEY
                    UNITED STATES ATTORNEY

By: _____
      Dabney Langhorne
      Assistant United States Attorney

_____
John J. Klein
Assistant United States Attorney

APPROVED:
_____    Date: __7-19-99__
Justin W. Williams
Chief, Criminal Division
POSTPLEA.54

- 8 -

204