

U.S. Department
of Transportation
**Federal Aviation
Administration**

800 Independence Ave., S.W.
Washington, D.C. 20591

AUG 3 0 2000

Natalie Jones
Office of Acquisition Policy (MV)
General Services Administration
1800 F Street, NW
Washington, D.C. 20405

Re: Notice of Debarment for Richard S. Quigg, Bradley Bowen, and John J. Rachel

Dear Ms. Jones:

Please find enclosed the Notice of Debarment for the following individuals by the Federal Aviation Administration. The three individuals are Mr. Richard S. Quigg, Mr. Bradley Bowen, and Mr. John J. Rachel. Please ensure that each is placed on the Federal Debarment and Suspension List. If additional information is needed in this matter, please contact my assistant Renee' Carter at (202) 267-3480.

Sincerely,

Anthony L. Washington
Deputy Assistant Chief Counsel

EXHIBIT    019

210

**Before the
Federal Aviation Administration
Washington, D.C.**

| | |
|---|---|
| In the Matter of | ) |
| the Debarment | ) |
| of Richard S. Quigg | ) |
| _____ | ) |

### Notice of Debarment of Richard S. Quigg

In accordance with the policy and procedures governing suspensions and debarment as stated in the Federal Aviation Administration's Acquisition Management System ("AMS") (T.3.2.2.7) it is my determination that based upon the evidence contained in the administrative record, including the document, entitled, "Memorandum for the Suspension and Debarment Official", dated June 1, 2000, that Richard S. Quigg is debarred for a period of 2.5 years effective immediately. The debarment period will run from August 25, 2000 to February 24, 2003. The period of debarment is commensurate with the seriousness of Mr. Quigg's admitted offense (Title 26, U.S.C. Section 7206(1), and his illegal conduct in aiding and assisting in the payment of an unlawful kickback in connection with performance under an FAA contract, Contract DTFA-92-C-00015. Mr. Quigg has been sentenced to imprisonment for a term of fourteen months with one year of supervised relief. This action is necessary for protecting the Government from doing business with an individual whose conduct evidences a lack of present responsibility. As a consequence of this debarment action, the following:

(1) Throughout the Executive Branch of the Federal Government, offers will not be solicited from, contracts will not be awarded to, and existing contracts will not be renewed or otherwise extended to Richard S. Quigg, unless the head of the agency taking the contracting action, or a designee, states in writing a compelling reason to do so.

(2) No Government contractor may award a subcontract equal to or in excess of $25,000 to Richard S. Quigg unless there is a compelling reason to do so.

(3) If Richard S. Quigg is proposed as a subcontractor for any subcontract subject to Government consent, no contracting officer of any Federal Executive Branch agency shall give consent unless the acquiring agency's head or designee states in writing the compelling reasons for this approval action.

(4) Richard S. Quigg is excluded from conducting business with the Government as an agent or representative of other contractors.

211

(4) Richard S. Quigg is excluded from conducting business with the Government as an agent or representative of other contractors.

(5) Richard S. Quigg is also excluded from participating in Federal nonprocurement activities such as programs and activities involving Federal financial and nonfinancial assistance and benefits.

(6) Richard S. Quigg is excluded from acting as an individual surety.

Mr. Quigg received notice of the proposed debarment action by registered mail on June 6, 2000. Mr. Quigg responded to the proposed debarment by letter of July 14, 2000. I have considered the mitigating factors raised in his response.

Therefore, Mr. Quigg is debarred for a period of 30 months (two and half years) beginning August 25, 2000. The debarment will end on February 24, 2003.

_____          August 25, 2000
JAMES W. WHITLOW                    Date
Federal Aviation Administration
Suspension and Debarment Official

212

**Before the
Federal Aviation Administration
Washington, D.C.**

| | |
|---|---|
| In the Matter of | ) |
| the Debarment | ) |
| of Bradley Bowen | ) |
| _____ | ) |

### Notice of Debarment of Bradley Bowen

In accordance with the policy and procedures governing suspensions and debarment as stated in the Federal Aviation Administration's Acquisition Management System ("AMS") (T.3.2.2.7) it is my determination that based upon the evidence contained in the administrative record, including the document, entitled, "Memorandum for the Suspension and Debarment Official", dated June 1, 2000, that Bradley Bowen is debarred for a period of 3 years effective immediately. The debarment period will run from August 25, 2000 to August 24, 2003. The period of debarment is commensurate with the seriousness of Mr. Bowen's admitted offenses (41 U.S.C. Section 53 and 18 U.S.C. Section 2), aiding and assisting in the payment of an unlawful kickback in connection with performance under an FAA contract, Contract DTFA-92-C-00015 and the necessity of protecting the Government's from doing business with an individual whose conduct evidences a lack of present responsibility. As a consequence of this debarment action, the following:

(1) Throughout the Executive Branch of the Federal Government, offers will not be solicited from, contracts will not be awarded to, and existing contracts will not be renewed or otherwise extended to Bradley Bowen, unless the head of the agency taking the contracting action, or a designee, states in writing a compelling reason to do so.

(2) No Government contractor may award a subcontract equal to or in excess of $25,000 to Bradley Bowen unless there is a compelling reason to do so.

(3) If Bradley Bowen is proposed as a subcontractor for any subcontract subject to Government consent, no contracting officer of any Federal Executive Branch agency shall give consent unless the acquiring agency's head or designee states in writing the compelling reasons for this approval action.

(4) Bradley Bowen is excluded from conducting business with the Government as an agent or representative of other contractors.

214

(5) Bradley Bowen is also excluded from participating in Federal nonprocurement activities such as programs and activities involving Federal financial and nonfinancial assistance and benefits.

(6) Bradley Bowen is excluded from acting as an individual surety.

Mr. Bowen received notice of the proposed debarment action by registered mail on June 6, 2000 and has failed to furnish any response to the proposed debarment.

Therefore, Bradley Bowen is debarred for a period of 3 years beginning August 25, 2000.

_____          8/25/00
JAMES W. WHITLOW                    Date
Federal Aviation Administration
Suspension and Debarment Official

**Before the
Federal Aviation Administration
Washington, D.C.**

| | |
|---|---|
| In the Matter of | ) |
| the Debarment | ) |
| of John J. Rachel | ) |
| _____ | ) |

### Notice of Debarment of John J. Rachel

In accordance with the policy and procedures governing suspensions and debarment as stated in the Federal Aviation Administration's Acquisition Management System ("AMS") (T.3.2.2.7) it is my determination that based upon the evidence contained in the administrative record, including the document, entitled, "Memorandum for the Suspension and Debarment Official", dated June 1, 2000, that John J. Rachel is debarred for a period of 3 years effective immediately. The debarment period will run from August 25, 2000 to August 24, 2003. The period of debarment is commensurate with the seriousness of Mr. John J. Rachel's admitted offenses (41 U.S.C. Section 53 and 18 U.S.C. Section 2), aiding and assisting in the payment of an unlawful kickback in connection with performance under an FAA contract, Contract DTFA-92-C-00015 and the necessity of protecting the Government's from doing business with an individual whose conduct evidences a lack of present responsibility. As a consequence of this debarment action, the following:

(1) Throughout the Executive Branch of the Federal Government, offers will not be solicited from, contracts will not be awarded to, and existing contracts will not be renewed or otherwise extended to John J. Rachel, unless the head of the agency taking the contracting action, or a designee, states in writing a compelling reason to do so.

(2) No Government contractor may award a subcontract equal to or in excess of $25,000 to John J. Rachel unless there is a compelling reason to do so.

(3) If John J. Rachel is proposed as a subcontractor for any subcontract subject to Government consent, no contracting officer of any Federal Executive Branch agency shall give consent unless the acquiring agency's head or designee states in writing the compelling reasons for this approval action.

(4) John J. Rachel is excluded from conducting business with the Government as an agent or representative of other contractors.

215

     (5) John J. Rachel is also excluded from participating in Federal nonprocurement activities such as programs and activities involving Federal financial and nonfinancial assistance and benefits.

     (6) John J. Rachel is excluded from acting as an individual surety.

Mr. Rachel received notice of the proposed debarment action by registered mail on June 6, 2000 and through his attorney does not contest the proposed debarment.

Therefore, Mr. Rachel is debarred for a period of 3 years beginning August 25, 2000.

_____        8/25/00
JAMES W. WHITLOW               Date
Federal Aviation Administration
Suspension and Debarment Official