**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| Plaintiff, | : | |
| v. | : | **Civil No. WMN-02-754** |
| **JOHN RACHEL, et. al**. | : | |
| Defendants | : | |

...oOo...

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO
EXCLUDE EXPERT TESTIMONY OF DARRELL OYER**

The United States of America, by and through undersigned counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Jamie M. Bennett, Assistant United States Attorney for said District, respectfully submits this Reply to the Defendant's Opposition to the Plaintiff's Motion to Exclude the Expert Testimony of Darrell Oyer.

1. In its Motion to Strike the Expert Testimony of Darrell Oyer, the government argued that his testimony should be excluded because the defendants' failed to disclose Mr. Oyer as an expert witness on October 21, 2002 as required by the Court's first scheduling order in this case. In response, the defendants argue that Federal Rule of Civil Procedures 26 (a)(2)( C )permits disclosure of expert witness reports ninety days before trial, and that they complied with this deadline. In fact, what Rule 26(a)(2)( C ) states is that "[t]hese disclosures [of expert witnesses] shall be made at the times and in the sequence directed by the court. *In the absence of other directions from the court* or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date . . . ." Fed. R. Civ. Pro. 26(a)(2)( C).   In this case, there was "other direction from the Court," to wit,

the original scheduling order.   The cases cited by the defendant to justify the fact that they have chosen to ignore the scheduling order do not support their argument that the original scheduling order is "moot" or somehow does not apply to them.

2.  In its Motion, the government argued that Mr. Oyer's expert testimony should be excluded because he offers testimony about legal issues: including whether the government may sue a subcontractor under the False Claims Act for failing to comply with the Truth In Negotiations Act ("TINA") and its implementing regulations; and whether the costs Mr. Rachel allegedly included for his "design" of the hinge repair kit and the "warranty" he supplied the government were reasonable. The defendants allege that the testimony is admissible, because it will help the jury understand TINA and the government regulations implementing that statute, including the regulations that address what is a reasonable cost.   With respect to the first subject, this is clearly outside the purview of any expert testimony; it is a legal issue within the sole province of the Court.   With respect to the second, the issue in this case is not whether costs the defendants disclosed were reasonable – this *might* come into play if the defendants had actually disclosed their underlying costs and were now charged with falsifying those costs – but that they failed to disclose their costs at all.  Furthermore, the Courts have permitted expert testimony on the interpretation of statute or regulations only when the regulation at issue is ambiguous and the defendant's expert will testify that the defendants' understanding of the regulation is reasonable and that his interpretation is a defense to the charges against the defendant.  The defendants do not contend that their confusion about what was required under TINA and its implementing regulations led them to make inadequate disclosures, they simply argue that they were not bound by TINA and/or that the government cannot show reliance because

the costs were reasonable.    The defendants do not point to any ambiguity in TINA or its implementing regulations, and in fact it could not be more clear that the statute and regulations require disclosure of "all facts that prudent buyers and sellers would reasonably expect to effect price negotiations significantly."    FAR 15.801.    There is absolutely nothing ambiguous about this regulation and Mr. Oyer's testimony would add nothing to the jury's understanding of that term.    His testimony will simply confuse the jury about whether the fact that the costs may have been reasonable (a fact that the government, of course, disputes) means that Mr. Rachel did not have a duty to disclose those underlying factors that he now claims affected his pricing.

3.  The government also argued that Mr. Oyer's testimony is not relevant to the issues in this case.    The defendants respond by saying that reasonableness of costs is relevant, because the government must show that the costs were unreasonable to establish its reliance on the defendants' cost or pricing data.    But in the context of a False Claims Act case, the government does not have to show reliance.    What it must show is materiality, which in this Circuit means that the "false statement has a natural tendency to influence agency action or is capable of influencing agency action."  *United States ex. rel. Berge v. Bd. of Trustees of Univ. of Ala.*, 104 F.3d 1453, 1459 (4th Cir.) *cert. denied*, 522 U.S. 916 (1997).    And, the decision about whether a statement was material or not is for the Court, not the jury.  *Harrison v. Westinghouse Savannah River Company*, 352 F.3d 908, 914 n.4 (4th Cir. 2002).    Any testimony on this topic by Mr. Oyer in front of the jury would be irrelevant and confusing.

## CONCLUSION

For the reasons set forth above, it is respectfully urged that the motion to strike and/or

-3-

limit the testimony of Darrell Oyer should be granted.  Alternatively, if the Court does not grant

the motion, the government seeks an opportunity to: (1) depose Mr. Oyer before trial; and (2)

name an expert witness in rebuttal

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


_____
Jamie M. Bennett
Assistant United States Attorney
Trial Bar No. 08468
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201