UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERCA | : | |
| Plaintiff | : | |
| v. | : | Case No. WMN-02-754 |
| JOHN RACHEL, et al. | : | |
| Defendants. | : | |

**DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

This case involves civil claims brought by the Government under the False Claims Act against two individuals and two corporate defendants. The facts underlying these claims involve a contract between the United States Internal Revenue Service and Diez Management Systems, Inc. ("DMSI"), and goods and services provided by defendant RGI, Inc. to DMSI. Defendant John Rachel ("Rachel") owned RGI and do-defendant CSM, Inc. Co-defendant Priscilla Rachel had no ownership interest in the business, but she is married to John Rachel. She worked full time as a nurse at a hospital during all relevant periods.

The Government seeks to admit evidence of defendant John Rachel's prior acts pursuant to Federal Rule of Evidence 404(b). The Government maintains that Mr. Rachel's 1999 guilty plea to a charge under the federal Anti-Kickback Act and another allegedly wrong pricing decision are admissible for the purported purpose of establishing Mr. Rachel's "knowledge" or "intent" in this matter. As discussed below, the Government's proffered evidence is inadmissible because it is irrelevant to Mr. Rachel's knowledge or intent at issue here.

1

Moreover, this evidence must be excluded due to the danger of unfair prejudice to Mr. Rachel and, even more importantly, his co-defendants.

    **I.    Rule 404 and Rule 403**

Rule 404(b) states as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…

Fed. R. Evid. 404(b).  Thus, under this Rule, proof of a breach of one contract cannot be used to show that a company "breached contracts and, therefore, that [the defendant] breached its contract" at issue in a litigation.  *Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1194 (10th Cir. 1997).  Nor may a prior act of monopolization be used as evidence of a second act. *See Reazin v. Blue Cross & Blue Shield of Kansas, Inc.*, 663 F. Supp. 1360, 1433-34 (D. Kan. 1987) *affirmed and remanded in part on other grounds*, 899 F.2d 951 (10th Cir. 1990) (applying Rule 404(b) in antitrust suit to exclude evidence of other monopolistic acts).

    The Fourth Circuit has "evolved a test for evidence proffered pursuant to *Rule 404(b)*. 'Under *Rule 404(b)* . . . prior bad acts are admissible if they are (1) relevant to an issue other than character; (2) necessary, and (3) reliable.'"  *United States v. Hernandez*, 975 F.2d 1035, 1039 (4th Cir. 1992) (*quoting United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988)* (footnotes omitted)).

    Even if the evidence satisfies Rule 404, however, it "is not automatically admissible." *Id.* Rather, Rule 403 then comes into play, and that Rule "requires the trial judge to determine that [the evidence's] probative value outweighs the danger of undue prejudice to the defendant." *Id.* Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

## II. The Proffered "Evidence" is Inadmissible Under Rule 404

### A. Evidence That Rachel Marked Up Costs Of Keyboard Repair Kits Is Inadmissible Under Rule 404

In its Motion, the Government alleges that certain keyboard repair components were purchased by Mr. Rachel and subsequently sold to DMSI at a substantial mark-up. The Government's proffered evidence for this allegation includes a receipt showing that four "keyboard covers" were purchased at a price of $18.00 each, and another receipt showing that four "keyboard covers" were sold by to DMSI at a price of $75.60 each. Based on this evidence alone, the Government states that "[t]he only explanation for these [sic] inflated cost of these keyboard covers is fraud." Government Motion at p. 3. The Government's suggestion that this evidence is admissible under Rule 404(b) is patently incorrect.

First, the government can claim what it wants, but it is clear, and a jury will certainly understand, that the Government is presenting this evidence to show alleged "other …. acts … in order to show action in conformity therewith," which is plainly prohibited. *See* Fed. R. Evid. 404(b).

Second, the Government's claim that this evidence somehow shows intent is absurd. "Evidence is admissible under *Rule 404(b)* only if it is relevant." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). In this situation, "questions of relevance conditioned on a fact are dealt with under *Federal Rule of Evidence 104(b)*." *Id.* Under Rule 104(b), "[w]hen the relevance of an extrinsic act is contingent on proof of a fact, the trial judge may not allow the

3

jury to consider the similar act unless there is evidence by which the jury could find by a preponderance that the fact is true." *United States v. Young*, 65 F.Supp.2d 370, 373 (D.Md. 1999) (*citing Fed. R. Evid. 104(b),* and *Huddleston*, 485 U.S. at 689-90).

Here, even if the receipts suggest that Mr. Rachel sold a few components to DMSI at a mark-up, certainly no jury could find by a preponderance of the evidence that this evidence alone supports a finding of fraud. Indeed, we would need a second mini-trial to determine why there was a markup, what costs went into the establishment of the final price, whether these were specially priced items under a separate agreement, and the connection of the keyboard covers to the hinge repair kits at issue in this case. The requirement for such a second trial within a trial to show the relevance or irrelevance of this extrinsic matter makes this evidence inadmissible under Rule 404. *Wilson v. Bicycle South, Inc.*, 915 F.2d 1503, 1510 (11th Cir. 1990) (trial judge denied evidentiary proffer on the grounds that the evidence was not probative because of the necessity for a considerable amount of extrinsic evidence to determine whether the incidents were sufficiently similar).

*United States v. Young, supra,* is instructive in this regard. In that case, the Government wished to prove that the defendant used a certain rental car in the commission of a crime. At trial, the Government planned to present evidence that (a) the defendant reported the rental car stolen, and, (b) later the same day, that rental car was found in flames nearly a mile from where the car had been reported stolen (Fire No. 1). Pursuant to Rule 404(b), the Government also sought to introduce evidence that, nearly a year after Fire No. 1, the same defendant had reported another vehicle stolen. This second vehicle was also found destroyed by fire shortly after it had been reported stolen (Fire No. 2). The Government suggested that evidence concerning Fire No.

2 was admissible to "cast[] doubt on defendant's innocent explanation for Fire No. 1." (This contention is *precisely* the Government's contention in this case.)

>With regard to this evidence about Fire No. 2, this Court noted:
>
>[T]he government has little, if any, direct or circumstantial evidence tending to show that defendant burned his car, fabricated the theft, or had a motive to do either. In this regard, the government will show only that defendant owned and was in control of the car prior to its reported theft and destruction. In addition, the government intends to offer defendant's taped interview with the Maryland Automobile Insurance Fund concerning Fire No. 2, which the government contends reflects defendant's 'hesitation and momentary confusion as to when the defendant last left his Camry,' and the testimony of the police officer who, it is said, will indicate that the circumstances of the theft and report were 'unusual.' No evidence will be offered to show that defendant had a motive either to fabricate the theft of the Camry or to destroy it.

*Young*, 65 F.Supp.2d at 372. The Court acknowledged that this evidence arguably fits within the bare language of Rule 404(b) – "it is evidence offered not for the purpose of showing bad character or propensity, but for the permissible purpose of showing defendant's plan or intent concerning Fire No. 1." *Id.* at 372-73. It remained inadmissible, however. This Court explained:

>as *Huddleston v. United States* teaches, this does not end the analysis as an extrinsic similar act is admissible only if the jury, based on all the evidence before it, could reasonably conclude by a preponderance of the evidence both that the act actually happened and that the defendant committed the act. *See 485 U.S. 681, 690, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988)*. When the relevance of an extrinsic act is contingent on proof of a fact, the trial judge may not allow the jury to consider the similar act unless there is evidence by which the jury could find by a preponderance that the fact is true. *Rule 104(b), Fed. R. Evid.*; *see also Huddleston*, 485 U.S. at 689-90…
>
>Even if admissible, this is thin stuff – it is probative of little more than the existence of suspicious circumstances; it does not suggest defendant set the fire, invented the theft, or had a motive to do either. This evidence, even in combination with the other evidence, invites the jury to speculate as to the cause of Fire No. 2 and defendant's possible motives for setting the fire. A jury's role is not to speculate, but to consider and weigh evidence. *See Hurley v. Patapsco & Back Rivers Railroad Co., 888 F.2d 327, 330 (4th Cir. 1989)*.

*Young*, 65 F.Supp.2d at 373-75 (footnotes omitted).

Here, as in *Young*, the Government wishes to admit flimsy evidence indeed – several receipts inferring that four components were sold to a government contractor at a mark-up – in the hope that the jury will speculate as to the remaining facts, as well as to Mr. Rachel's possible intent in charging this particular mark-up. Because the Government has no other pertinent evidence with regard to these facts – and, in fact, did not bring any claim against any defendant in this matter with regard to these facts – the Government suggests that "it is self evident that Rachel's similar scheme to defraud the IRS with respect to the true cost of keyboard repairs is directly relevant to the jury's inquiry in the instant case." Government Motion at p. 6.

It is not self-evident. Were there other costs involved? (There were.) Were these parts subject to a separate agreement? (They were.) Can defendants offer evidence of other work they did at a loss? (They can.). Clearly, the Government's proffer is not admissible evidence in any way, shape, or form. The Government has not offered any justification under Rule 404(b) for the admission of this evidence other than that four items were sold in one month at a markup. This does not even reach the level of flimsy evidence. It is no evidence at all. Accordingly, the Government's motion should be denied.

    **B.**  **Evidence of Rachel's prior conviction is inadmissible under Rule 404**

The Government also seeks "to admit evidence of Rachel's prior conviction for kickbacks in connection with [an] FAA contract" to prove "Rachel's intent to defraud the government." Government Motion at p. 4. Intent to defraud is not an element of a violation of the False Claims Act. See 31 U.S.C. § 3729(b) ("no proof of specific intent to defraud is required"); *United States ex rel. Aakhus v Dyncorp, Inc.,* 136 F3d 676 (10th Cir. (1998) (no proof of specific intent to defraud is required to support FCA claim). Thus, the entire premise of the

Government's argument flies in the face of the statute on which it relies in its action in this matter.

Further, the Government further states that it is "obvious" that Rachel's "use of kickbacks to get other government work is relevant to his state of mind, which clearly is not that of a person who is prepared to be honest and above-board in all of his dealings with the government." Government Motion at p. 6.  However, this use of evidence of "other …. acts … in order to show action in conformity therewith," is plainly prohibited by the Rules.  See Fed. R. Evid. 404(b).

Regardless of the entire lack of substance in the Government's motion concerning this evidence, let us look at it.  In 1999, Mr. Rachel pled guilty to paying an unlawful kickback under a government contract in violation of the Anti-Kickback Act.  This statute provides as follows:

> It is prohibited for any person--
> (1) to provide, attempt to provide, or offer to provide any kickback;
> (2) to solicit, accept, or attempt to accept any kickback; or
> (3) to include, directly or indirectly, the amount of any kickback prohibited by clause 1) or (2) in the contract price charged by a subcontractor to a prime contractor or a higher tier subcontractor or in the contract price charged by a prime contractor to the United States.

41 U.S.C. § 53.  Conviction under this section requires knowledge "that defendant knew that he was making a payment in order to induce a contract to be awarded." *United States v. Grossman*, 400 F.2d 951, 954 (4th Cir. 1968).

The False Claims Act does not required knowledge "that defendant knew that he was making a payment in order to induce a contract to be awarded." *Id.*.  Rather, it requires knowledge as to the truth of falsity of the information that is submitted to the government in asserting a claim for money.  See 31 U.S.C. § 3729(b).  The intent under the FCA and the intent under the anti-kickback statutes are completely different.  When the intents are so different, Rule

404 does not permit admission of evidence of one matter to prove the other. *E.g., Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1105 (11th Cir. 2005) (knowledge required for § 1983 claim is not knowledge of the same matters required to prove negligence, and the prior act evidence is inadmissible under Rule 404). Indeed, it is well settled that evidence of a prior conviction is admissible under Rule 404(b) only if "its commission involved the same knowledge required for the offense charged." *United States v. Beechum*, 582 F.2d 898, 912, n.15 (5th Cir. 1978), *cert. den'd.*, 440 U.S. 920 (1979).[1]

Here, Mr. Rachel's conviction under the Anti-Kickback Act required completely different knowledge than that required under the False Claims Act, even if "fraud" was at issue under the FCA, which it is not. Plainly, then, Mr. Rachel's prior conviction is irrelevant to the claims at issue in this case, and the Government's motion to admit evidence of this conviction must be denied.

### III. The Proffered "Evidence" is Inadmissible Under Rule 403 Because of the Risk of Undue Prejudice

Even if the Government's proffered evidence was somehow relevant to Rachel's knowledge as to any allegedly false claims and subject to Rule 404 (which it is not), this evidence would nonetheless be inadmissible under Federal Rule of Evidence 403, which states as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the *danger of unfair prejudice*, *confusion of the issues*, or *misleading the jury*, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

---

[1] In *United States v. Queen,* 132 F.3d 991 (4th Cir. 1997), the only case relied upon by the Government, the crime charged was witness tampering, and the evidence found admissible was witness tampering. This, of course, is precisely the opposite of what the Government seeks to do here, by offering evidence of one crime to show proof of another.

Fed. R. Evid. 403 (emphasis added). *See also United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988) ("even if the evidence is admissible under *Rule 404(b)*, its probative value must be weighed against the danger of undue prejudice aroused by the evidence").

The Government's conclusory statement that "the probative value of this evidence is not substantially outweighed by any prejudice," Government Motion at 7, is entirely unsupported by the facts. As discussed above, the probative value of this evidence is non-existent or, at best, limited. In sum and substance, the Government seeks to admit the evidence primarily to show Mr. Rachel's supposed propensity for "fraud." This type of evidence is hardly probative of such propensity, if at all. As the Supreme Court has reasoned:

> Although ... 'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged--or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment--creates a prejudicial effect that outweighs ordinary relevance.

*Old Chief v. United States*, 519 U.S. 172, 181 (1997).

On the other hand, the risk of prejudice here is severe. As noted above, the Government is presenting this evidence, and the jury will understand it whether there is a limiting instruction or not, to show alleged "other …. acts … in order to show action in conformity therewith," which is prohibited under Rule 404(b). And, the Government's attempt to recast it as "intent" evidence while misstating the type of intent necessary here, skates on misrepresentation. Where, as here, the relevance of the proffered evidence is questionable and the risk of unfair prejudice is so great, the facts weigh heavily in favor of excluding such evidence. *See* Fed. R. Evid. 403.

The need to exclude this evidence on the ground of prejudice is especially true in a trial, such as this one, involving multiple defendants, where the evidence at issue is admissible, if at all, only against one defendant – here, Mr. Rachel:

>When evidence is offered against one defendant in a joint trial, determination of admissibility against that defendant resolves only the Rule 403 balancing as to him, *i.e.,* that the probative value of the evidence in his "case" is not substantially outweighed by unfair prejudice to him. But if the evidence creates a significant risk of prejudice to the co-defendants, a further issue arises as to whether the evidence is admissible in a joint trial, even though limited by cautionary instructions to the "case" of a single defendant. That issue can be considered either as a question of admissibility of evidence or severance.  If the justification for a joint trial is outweighed by the prejudice to the co-defendants, the trial court can confront the prosecutor with the choice of forgoing either the evidence or the joint trial. *See United States v. Glover*, 506 F.2d 291, 294 (2d Cir. 1974); *United States v. Truslow,* 530 F.2d 257 (4th Cir. 1975); *cf. Bruton v. United States*, 391 U.S. 123, 143-44, 88 S.Ct. 1620, 1631-1632, 20 L.Ed.2d 476 (1968) (White, J., dissenting). In view of the obvious advantages of a joint trial to the prosecution, and frequently to the public interest, it is safe to assume that on the few occasions when the problem arises, this choice will generally not mean less joint trials, only less use of prejudicial evidence in joint trials.

*United States v. Figueroa*, 618 F.2d 934, 944-945 (2d Cir. 1980).  As *Figueroa* further explained:

>In assessing the risk to a co-defendant of prejudice created by evidence admitted in a joint trial solely against another defendant, the trial court must balance interests somewhat differently than when it makes this assessment in the trial of one defendant. The trial judge must weigh not only the probative value and the risk of unfair prejudice to the defendant against whom the evidence is offered, but also the appropriateness of permitting the prosecution to introduce the evidence in a joint trial.  Evidence that might be admissible under Rule 403 in a trial of one defendant is not inevitably admissible in a joint trial. In some situations the danger of unfair prejudice to co-defendants may be so great that the prosecution must be put to a choice of forgoing either the evidence or the joint trial.

*United States v. Figueroa*, 618 F.2d 934, 945-946 (2d Cir. 1980).

Here, it would be grossly prejudicial to the other defendants to allow in evidence focusing on Mr. Rachel.  Priscilla Rachel, CSM and RGI were not convicted of anything and, clearly, Priscilla Rachel did not price anything (and doesn't even know what a "keyboard cover" might be).  Allowing evidence against Mr. Rachel in at a trial in which she is a defendant plainly is impermissible under Rule 403.

**CONCLUSION**

For the foregoing reasons, the Government's Motion to Admit Evidence Pursuant to Federal Rule of Evidence 404(b) should be denied.

                              Respectfully submitted,

                              S/Edward J. Tolchin
                              Edward J. Tolchin
                              Fettmann, Tolchin, & Majors, P.C.
                              10509 Judicial Drive, Suite 300
                              Fairfax, VA 22030
                              703-385-9500
                              703-385-9893 (facsimile)
                              etolchin@ftm-pc.com

**Certificate of Service**

I hereby certify on this 24th day of October 2007, the foregoing Defendants' Opposition to the Government's Motion to Admit Evidence Pursuant to Federal Rule of Evidence 404(b) was served via electronic filing with the Court to those persons receiving ECF notice.

                              S/Edward J. Tolchin
                              Edward J. Tolchin