```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      :
                              :
V.                            :    Civil No. WMN-02-754
                              :
JOHN RACHEL et al.            :
```

**MEMORANDUM**

Pending before the Court is Defendant Priscilla Rachel's motion for costs and attorneys' fees under the Equal Access to Justice Act ("EAJA," 28 U.S.C. § 2412(d)).  Paper No. 166.  A claimant is entitled to an award under the EAJA if: (1) the claimant is the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the claimant timely filed his petition supported by an itemized statement.  28 U.S.C. § 2412. The government's position is "substantially justified" if there is a "genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotations and citations omitted).  The determination of whether the government is substantially justified under the EAJA will be reviewed only for an abuse of discretion.  Pierce, 487 U.S. at 562-63.

The government need only be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person," id., and the government can be substantially

justified even if it loses." Id. at 566 n.2; see also Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993) (affirming the district court's denial of fees, even though plaintiffs had prevailed on two issues, because the government's overall position was "substantially justified").  The court must look to the totality of the circumstances to determine whether the government's position is substantially justified.  See Comm'r, INS v. Jean, 496 U.S. 154, 161-62 (1990) ("[T]he EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items."); Roanoke River Basin, 991 F.2d at 139 ("[W]e look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or taking a stance during litigation.").

The Government's litigation of this case as a whole was clearly reasonable in both law and fact.  First, the Government successfully prevailed on its claims against all Defendants before this Court at summary judgment.  While the Fourth Circuit vacated and remanded the grant of summary judgment, it did not suggest that the Government's position was unreasonable. Instead, it specifically noted that it could not rule out any Defendants' liability under the False Claims Act (FCA).  United States v. Rachel, No. 04-2276, 2006 WL 3522228 at 9 (4th Cir. Dec. 7, 2006).  The Fourth Circuit then noted that, viewing the

2

facts in the light most favorable to Defendants, a reasonable fact-finder could find that neither Mrs. Rachel, nor any other Defendant was liable.  Id.  Instead of supporting a finding that the Government's case was not substantially justified, as Mrs. Rachel urges, the Fourth Circuit's opinion gives credence to the argument that a "reasonable person could think [the Government's position] correct."  Pierce, 487 U.S. at 566 n.2.

Even if this Court were to look at the claims against Mrs. Rachel separately, as she urges it to do, the fact that she escaped liability is not dispositive to the issue of whether the Government was reasonable in maintaining an action against her. The evidence presented at trial showed that although Mrs. Rachel was not involved in the day to day operations of the scheme, she was a member of the board of directors of Defendant RGI, Inc., she allowed her husband, Defendant John Rachel, to use and sign her name freely and conduct business in her name, and Mr. Rachel prepared invoices used in the scheme at their kitchen table. The Government also presented evidence that Mrs. Rachel wrote numerous checks from the account of Defendant CSM, Inc., an entity of which she claimed to have no knowledge.  All of these facts could have led a reasonable juror to find in favor of the Government.

As one final piece of evidence showing that the Government's position against Mrs. Rachel was substantially

justified, this Court notes that it denied Mrs. Rachel's motions for judgment as a matter of law, presented under Fed. R. Civ. P. 50, both at the close of the Government's case and at the close of all the evidence.  See Pierce, 487 U.S at 569 (noting that "a string of losses can be indicative; and even more so a string of successes[]" in determining whether the government's case was substantially justified).  Accordingly, this Court finds that the Government's claims against Mrs. Rachel were substantially justified and will deny Mrs. Rachel's EAJA claim for costs and attorneys' fees.

As a final note, the pleadings in this matter highlight a technical deficiency in that the Court has failed to set forth the final judgment "on a separate document" as outlined by Fed. Rule Civ. P. 58.  To correct this error the Court will re-issue the final judgment "in a written document separate from the court's opinion or memorandum" as required by the Fourth Circuit.  Hughes v. Halifax County School Bd., 823 F.2d 832, 835 (4th Cir. 1987).

_____/s/_____<br>
William M. Nickerson<br>
Senior United States District Judge

Dated: August 11, 2009